IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                          No. 2:16-CR-063-D

MICHAEL ALAN CHANCE GREEN

## GOVERNMENT'S *SELL* HEARING BRIEF

## I.   BACKGROUND

Twice during the 2000's Michael Alan Chance Green was indicted on state

stalking charges.  He allegedly mailed threatening communications to Terry Funk.  Green

was ultimately found to be mentally incompetent, the charges were dismissed, and he was

committed to a state mental institution.  Based on his commitment, Green is prohibited

from possessing a firearm under federal law.

In June 2016, Green attempted to purchase a firearm.  Due to a delay in his

background check, the firearms dealer transferred the firearm to Green.  When the

Bureau of Alcohol, Tobacco, and Firearms was notified of the transfer, agents

encountered Green at his home to take possession of the firearm.  While the agents were

at his home, Green turned over two additional firearms.  The agents also noticed

approximately 25 certified mail receipts on Green's table that were addressed to various

political figures, including Sarah Palin, John McCain, and Rick Perry.

On October 12, 2016, a federal grand jury charged Green with being a person

committed to a mental institution in possession of firearms and aiding and abetting.  On

October 24, 2017, the Court found that Green was suffering from a mental disease or

defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court then ordered Green to be hospitalized for treatment for the purpose of determining whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

## II.   *SELL* ANALYSIS

Before the Court is the issue of Green's involuntary medication. The Supreme Court in *Sell v. United States* devised a four-part standard for determining whether involuntary administration of drugs solely for trial competence purposes is appropriate: (1) whether important governmental interests are at stake; (2) whether involuntary medication will significantly further those governmental interests; (3) whether involuntary medication is necessary to further those interests; and (4) whether the administration of the drugs is medically appropriate, *i.e.* in the patient's best medical interest in light of his medical condition. 539 U.S. 166, 180-81 (2003).

The government will put on evidence of elements 2 – 4 through the testimony of Dr. Jacob Chavez and Dr. Robert Sarrazin at the evidentiary hearing. As for the first element, the Court should find that an important governmental interest is at stake, as reasoned below.

In *Sell*, the Court recognized that there is an important governmental interest in ensuring that individuals accused of *serious* crimes are brought to trial. 539 U.S. at 180. Here, Green was charged by indictment with being a person committed to a mental institution in possession of firearms and aiding and abetting. The indictment makes

2

reference to three specific firearms that Green is alleged to have possessed.  The potential penalty for this charge is up to 10 years in prison and a $250,000 fine.  18 U.S.C. §§ 922(g)(4) and 924(a)(2).

The Fifth Circuit has recognized that crimes authorizing punishment of over six months are "serious" crimes under the first *Sell* factor.  *See United States v. Palmer*, 507 F.3d 300, 304 (5th Cir. 2007) (citing *United States v. Evans*, 404 F.3d 227, 237-38 (4th Cir. 2005); *United States v. Algere*, 396 F. Supp. 2d 734, 739 (E.D. La. 2005)).  Because Green is accused of a serious crime that carries a possible penalty of up to 10 years in prison, there is an important governmental interest in ensuring he is brought to trial.  *See id.* (affirming trial court finding of important governmental interest in prosecution of firearm possession by person committed to mental institution); *see also United States v. Rix*, 574 F. Supp. 2d 726, 731 (S.D. Tex. 2008) (prosecution for possessing firearms after having been committed to a mental institution satisfies first *Sell* factor).  For these reasons, the Court should find that the first *Sell* factor is satisfied.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ *Sean J. Taylor*
SEAN J. TAYLOR
Assistant United States Attorney
Texas Bar No. 24075147
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:   806-324-2356
Facsimile:   806-324-2399
E-mail:      sean.taylor@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Sean J. Taylor*
SEAN J. TAYLOR
Assistant United States Attorney